IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

EUGENIO MATHIS, as personal representative of
the ESTATE OF EFRAIN MARTINEZ, deceased,

      Plaintiff,

v.   No. 1:22-cv-20 JCH/KRS

CENTURION CORRECTIONAL HEALTHCARE
OF NEW MEXICO, LLC, et al.,

      Defendants.

## ORDER STAYING CASE

THIS MATTER is before the Court on the Motion to Stay Litigation Pending Resolution of Motion to Dismiss Based on Qualified Immunity, filed on May 2, 2022 by Defendants John Gay, David Selvage, Corrections Officers Archuleta, Palomino, Abate, Martinez, and Ortiz, and unidentified Pod Control Officer ("NMCD Defendants").  (Doc. 29).  Plaintiff filed a response to the Motion to Stay on May 16, 2022, (Doc. 31), and NMCD Defendants filed a reply on May 31, 2022, (Doc. 34).  Having considered the parties' briefing, the record of the case, and relevant law, the Court will stay discovery pending resolution of NMCD Defendants' Motion to Dismiss, (Doc. 28).

"Qualified immunity is an entitlement not to stand trial or face the other burdens of litigation.  The privilege is an immunity from suit rather than a mere defense to liability[.]" *Jiron v. City of Lakewood*, 392 F.3d 410, 414 (10th Cir. 2004) (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)) (quotation marks omitted); *Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir. 1992) (citing *Siegert v. Gilley*, 500 U.S. 226, 231-33 (1991)).  The doctrine of qualified immunity protects government officials not only from the costs associated with trial, but also from "the other burdens of litigation," including "the burdens of broad-reaching discovery." *Mitchell*, 472 U.S. at 526.  The Supreme Court has "repeatedly … stressed the importance of

resolving immunity questions at the earliest possible stage in litigation." *Pearson v. Callahan*, 555 U.S. 223, 232 (2009). "[T]he driving force behind [the] creation of the qualified immunity doctrine was a desire to ensure that insubstantial claims against government officials will be resolved prior to discovery." *Id.* at 231. Thus, in general, when a defendant asserts the defense of qualified immunity, the district court should stay discovery until the immunity issue is resolved. *Workman*, 958 F.2d at 336.

Plaintiff opposes staying the case because a majority of the Defendants have not, and cannot, bring a qualified immunity defense, and because NMCD Defendants' Motion to Dismiss will not dispose of all claims in this case. (Doc. 31) at 3-4. Plaintiff also opposes a stay because Plaintiff's claims involve Mr. Martinez' death, so his family has a strong interest in timely resolution of this case. *Id.* at 4. These arguments are unavailing. The Court is bound by Supreme Court and Tenth Circuit precedent that requires a stay of all discovery when a qualified immunity defense is raised, and "[s]tandard practice in this District is to stay discovery—as to all defendants—when the defense of qualified immunity has been raised." *Higgins v. Saavedra*, 2017 WL 1437317, at *1 (D.N.M.). None of the cases relied on by Plaintiff support a different finding.

IT IS THEREFORE ORDERED that discovery in this case is STAYED pending resolution of NMCD Defendants' Motion to Dismiss Based on Qualified Immunity, (Doc. 28). The Court will enter an initial scheduling order and set a Rule 16 scheduling conference at that time.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE