IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

EUGENIO MATHIS, as personal representative of
the ESTATE OF EFRAIN MARTINEZ, deceased,

      Plaintiff,

v.                                        No. 1:22-cv-20 JCH/KRS

CENTURION CORRECTIONAL HEALTHCARE
OF NEW MEXICO, LLC, et al.,

      Defendants.

## SCHEDULING ORDER

**THIS MATTER** comes before the Court following a telephonic Rule 16 scheduling conference held on August 22, 2023. At the hearing, the Court adopted the parties' proposed Joint Status Report and Provisional Discovery Plan, with slight modifications, as reflected in the dates below.

Accordingly, **IT IS HEREBY ORDERED** that the parties shall adhere to the following discovery plan:

(a) Maximum of twenty-five (25) interrogatories by each party to any other party, with responses due thirty (30) days after service.

(b) Maximum of twenty-five (25) requests for production by each party to any other party, with responses due thirty (30) days after service.

(c) Maximum of twenty-five (25) requests for admission by each party to any other party, with responses due thirty (30) days after service.

(d) These limitations do not include interrogatories, requests for production, or requests admission sent prior to Plaintiffs' Second Amended Complaint.

(e) Maximum of ten (10) fact depositions by Plaintiff, not including 30(b)(6) designees or witnesses not yet disclosed in discovery; ten (10) by NMCD Defendants; and ten (10) by Centurion Defendants. Each deposition of a fact witness is limited to a maximum of seven (7) hours unless extended by agreement of the parties. Depositions of Plaintiff, Defendants, and retained experts limited to a maximum of seven (7) hours.

**IT IS FURTHER ORDERED** that the following case management deadlines shall govern:

(a) Deadline for Plaintiff to amend pleadings and join additional parties pursuant to Federal Rule of Civil Procedure 15:  **September 6, 2023**;

(b) Deadline for Defendants to amend pleadings and join additional parties pursuant to Federal Rule of Civil Procedure 15: **September 20, 2023**;

(c) Deadline for Plaintiff's expert reports:  **February 7, 2024**;

(d) Deadline for Defendants' expert reports:  **March 4, 2024**;

(e) Termination of discovery:  **April 2, 2024**;

(f) Deadline for supplementing discovery/disclosures: Due within 30 days of knowledge of information or documents to be supplemented pursuant to Rule 26 generally or to either party's discovery requests;

(g) Motions relating to discovery:  **April 22, 2024**;

(h) All other motions:[1]  **May 2, 2024**;

(i) Pretrial order:  To be set by the presiding judge.

---

[1] This deadline applies to motions related to the admissibility of experts or expert testimony that may require a *Daubert* hearing, but otherwise does not apply to motions *in limine*. The Court will set a motions *in limine* deadline in a separate order.

**IT IS FURTHER ORDERED** that the Court must approve any changes to the timing or scope of discovery, other than the parties' agreement to extend the length of a deposition made during the deposition in question.  Requests by a party to change the timing or scope of discovery, other than a mutual agreement to extend a deposition reached during the deposition, must be made by motion and before the termination of discovery or the expiration of any applicable deadline.  Discovery must be completed on or before the termination of the discovery deadline.  A written discovery request must be propounded by a date which ensures that the response to that request is due on or before the discovery deadline.  The parties are further reminded that the cutoff for motions related to discovery does not relieve the party of the twenty-one (21) day time period under Local Rule 26.6 to challenge a party's objections to answering discovery.  The parties are encouraged to review Federal Rule of Civil Procedure 26(a)(2) to ensure they properly disclose *all* testifying witnesses, not just those for whom a report is required.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE